


UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 2:12-CR-37(02) |
| ) | |
| GUSTAVO VELEDIAZ GUADARRAMA ) | |

### ORDER

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated May 29, 2012. [Doc. 35]. The Magistrate Judge recommends that the defendant's motion to suppress evidence seized as the result of a warrantless search of his residence on April 4, 2012, [Doc. 32], and his motion to suppress his statement obtained on April 4, 2012, [Doc. 33], be denied as untimely. The defendant has filed objections to this report. [Doc. 45].

On May 2, 2012, the defendant appeared for his initial appearance and arraignment with defense counsel who was retained. At that time, a motion deadline was set for May 22, 2012, with a final pretrial conference set for May 30, 2012. On May 3, 2012, initial discovery was received by defense counsel.

On May 22, 2012, defense counsel filed a motion to extend the motion deadline to Friday, May 25, 2012. The Magistrate Judge granted this motion in part, but only extended the deadline to 5:00 p.m. on May 24, 2012, noting that a deadline of Friday, May 25, 2012, would only give the government one work day to respond to the defendant's

motions prior to the final pretrial conference. The defendant's motions to suppress were filed at 1:46 p.m. and 1:47 p.m. on May 25, 2012.

In his objections, defense counsel contends that his failure to read the e-mail notification that plainly states the deadline is at 5:00 p.m. on My 24, 2012, or the order granting the extension is "excusable neglect." In addition, on June 15, 2012, defense counsel filed a motion to suppress his written statement dated April 4, 2012, that is, a "Notificacion Sus Derechos" (Notification of Your Rights), as well as his oral statement obtained on April 4, 2012 because the written statement was allegedly obtained in violation of his constitutional rights. The government has responded that in fact this written statement was made available to the defendant in the original discovery mailed to the defendant on May 2, 2012.

Initially, it should be noted that all three of the defendant's motions to suppress merely allege in a conclusory manner that the evidence seized from the search of his residence, his oral statement, and his written statement were obtained in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The factual basis for each of these motions is also unclear but appears to consist of the fact that the defendant is a Mexican national and does not speak, read, and/or understand English, and therefore, he could not knowingly, intelligently, and voluntarily consent to a search or to a statement. Defense counsel cites no authority in support of his position.

Failure of a defendant to show that his motions have arguable merit is sufficient grounds to deny a motion to late file a motion. Failure to file a pretrial motion by the deadline set by the Court constitutes a waiver of the motion unless good cause is shown, in which case the

2

Court may grant relief from the waiver. *See* Fed.R.Crim. P. 12(b)(3)(C). *United States v. Huerta,* 2010 WL 145779, *2 (E.D.Tenn. 2010). *See also United States v. Musick,* 291 Fed. Appx. 706 (6th Cir.2008). The Court FINDS that the defendant has failed to show that his motions to suppress have arguable merit, and he has failed to show good cause for his failure to file these motions by the motion deadline.

After careful consideration of the Report and Recommendation of the United States Magistrate Judge, the defendant's objections to that Report and Recommendation, the defendant's motions to suppress, the responses of the government, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that this Report and Recommendation is **ADOPTED** and **APPROVED**, and that the defendant's motions to suppress are **DENIED** as untimely. [Docs. 32 and 33].

The defendant also appeals the Magistrate Judge's order denying his motion for additional time, [Doc. 31], and denying his motion to reveal the name of the confidential informant, [Doc. 30], as untimely. [Doc. 34]. After careful consideration of the record as a whole, it is hereby **ORDERED** that the appeal of the defendant is **OVERRULED** because the Court FINDS that the Magistrate Judge's order is not clearly erroneous, an abuse of discretion, or contrary to law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's order is **ADOPTED** and **AFFIRMED.** [Doc. 34].

In regard to the defendant's motion to suppress his written statement dated April 4, 2012, that is, his Spanish Advise of Rights, whether or not the government sent him a copy on May 2, 2012, the defendant was put on notice that there was a Spanish Advise of Rights by the summary of his oral statement mailed to him on that date. In that summary, FBI Special

Agent Allen Pack provided a notice that the defendant was advised of his rights via a FD-395.15 (Spanish Advice of Rights) which the defendant executed on April 4, 2012. The Court FINDS that any failure to disclose was not deliberate, there has been no showing of prejudice to the defendant, and there is ample time for defendant to consider the Spanish Advise of Rights before trial. *United States v. Maples,* 60 F.3d 244, 246 (6th Cir.1995). Accordingly, the defendant's motion to suppress his written statement is **DENIED**. [Doc. 48].

ENTER:

J. RONNIE GREER
UNITED STATES DISTRICT JUDGE